Ohiel Justice Robertson,
delivered the cninion <•>' the Court.
Jesse Alexander filed a bill in chancery to be relieved as the surety of Thomas Alexander, in a replevin bond to the Bank of the Commonwealth.
He alleged that a fieri facias (issued on the bond) had been levied on the estate of the principal obligor, and afterwards stayed by order of the attorney at law of the bank; and that the estate, sufficient to have satisfied the execution, had been released.
The bank denied that “any stay of execution was ordered by their privity or consent, or that any stay of execution was ever ordered by their authorized agent or attorney.”
In an amended bill, which was not answered, Alexander alleged that Henry Warfield was the “agent and -attorney” of the bank, and that the execution was stayed by his order, and without the consent of the complainant.
The depositions of Thomas Alexander, Thomas Moore, Peter Shutts, Henry Warfield, and William H. Thompson, were read on the hearing of the cause, and constituted the only evidence, except ■what may be deduced from the bills and answer, the sheriff’s return, and the date of a subsequent execucution.
The circuit court having dissolved the injunction and dismissed the bill, this writ of error is prosecuted to reverse the decree.
The objection made here (for the first time) to the deposition of T. Alexander, cannot be sustained; because, 1st,, his liability to each party appearing from the facts, to be equipollent, he should be deemed competent; and, 2nd, as no objection was made to his deposition in the circuit court, we must presume that all objection was waived. Breckenridge vs. Todd, III Monroe, 57.
*581 T. Alexander swore that the execution was stayed by the order of Warfield, the agent of the bank, in consequence of an arrangement between Warfield and himself, for a renewal of his note in bank, on payment of costs, interest, &c.
Moore and Shutts swore that the estate levied on belonged to T. Alexander, (the principal debtor) and would have satisfied the execution.
Thompson swore that he, as deputy sheriff, had levied the execution on the property of the principal, and had afterwards returned it “stayed,” in obedience to the order of Henry Warfield, the agent; but, on cross examination, he said that he liad no recollection of the facts, and knew only what his return, “stayed by order oj plaintiff’s attorney,” declared as to the cause of staying the execution.
Warfield swore that, “as agent and attorney of the bank,” he told T. Alexander that he could be “reinstated by paying costs, calls, $’C.” and renewing his note in ban-,; that he had paid “the costs, calls, but had, as he had understood, never renewed his note; but that he had, as he believed, paid him his fee and obtained his receipt therefor; and he then concluded as follows — “I never did instruct a stay of execution in the case, or any other of the bank, except upon a compliance with the requisitions of the bank before stated, which, as I have before stated, were not complied witii in this case.”
It is the opinion of this court that the plaintiff is entitled to relief, and that the circuit court erred in dismissing his bill,
The credibility of the official return; the positive testimony of T. Alexander; the belief of the officer himself; the time (nearly two years) which elapsed from the return to the date of the next execution on the replevin bond, constitute a formidable body of evidence, tending strongly to prove that the execution was stayed by the order of Warfield, as the agent of the bank, and that the property was actually released. The deposition of Warfield himself, when scrutinized and reasonably applied, furnishes but slight countervailing evidence.
if, after a Jifa issued on a replevin bond has been levied on estate of (he principal obligor, sufficient for its satisfaction, it be stayed by order of piaiutiff, and the property released, the surely iu the replevin bond is thereby released, in equity, irom the obliga* ion of <he replevin bond.
He admits that if T. Alexander had paid the “costs',. calls, &fc ” and renewed his note, he would have been “reinstated in bank,” and that he had told him so. He admits that he liad paid the “costs, calls, &rc.n and his fee, but says he was not reinstated because be bad not also renewed his note; and avers that he never did, in any case, instruct a stay of execution, except upon a compliance with the requisitions of the bank.”
He does not swear that he did not authorize the deputy sheriff to stay the execution and release the levy. The execution was pressing upon the principal debt- or; the day of sale was approaching; and, believing that the note would be renewed, Warfield may have considered the arrangement as fulfilled, and the-terms virtually complied with, by being agreed to, and by the payment of his fee, &c. and this is rendered the less impossible by the fact that a stay of execution only gave time for “complying with the requisitions of the bank,” but a full compliance by T. Alexander, according to his agreement with Warfield, would have “reinstated” him in bank.
Warfield’s deposition is insufficient to counterpoise the opposing proof, especially as the bank, by failing to answer the amended bill, virtually admitted that Warfield, as its agent, ordered the stay of execution, and as it also tacitly admitted the same thing by acquiescing in the official return on the execution, as may be inferred from its failure to move for a quashal, or to proceed against the officer for a false return, or even to issue another execution for nearly two years, and these facts tend also to prove that War-field did not exceed his authority; besides, as it must be conceded that he was the “agent” of the bank, his power must be deemed to have been plenary, the contrary not appearing. His act was, therefore, the act of the creditor; and, by releasing the property of the principal debtor (as seems to have been the case here) without the assent of the surety, and thereby increasing his risk and destroying a lien, the bank has, in equity, released the piaiutiff from his pre-existing liability as a co-obligor.
Wherefore, the decree of the circuit court is re *583 versed, and the cause remanded, with instructions to perpetuate the injunction.
Haggin, for plaintiff; Crittenden, for defendants.